## AUSTIN *v.* GRANT ET AL.

A bill filed to foreclose a mortgage stated that the defendant, being indebted to complainant in the sum of $750, confessed five several judgments for $150 each, before a justice of the peace—setting out the judgments as they were entered on the justice's docket—and that the mortgage was given to secure the payment of the judgments in one year. Defendant, by his answer, to which a replication was filed, admitted the judgments and mortgage, but denied the indebtedness, and insisted the judgments were void. The cause was heard on the pleadings, and the court, being of opinion the judgments confessed before the justice were void for not complying with the statute, dismissed the bill with costs.

APPEAL by Grant from the Court of Chancery.

*Davidson and Holbrook*, for the appellee.

*Stevens*, for the appellant.

*By the court*, MUNDY, J. The bill alleges that the defendant Grant, being indebted to the complainant in the sum of seven hundred and fifty dollars, to secure the payment thereof with interest, confessed before a justice of the peace, five several judgments, each for one hundred and fifty dollars, with costs, setting out such judgments as they were entered upon the justice's docket. It then alleges that Grant, being so indebted, and having consented that said judgments be entered therefor, did on the 25th day of April, 1840, *in order to secure the payment of each and every of said judgments*, in one year from the date thereof, execute and deliver the mortgage. In setting out the mortgage, it is shown that it was upon the condition that, if Grant should pay to the complainant the sum of seven hundred and fifty dollars, with lawful interest thereon, in one year from the date of the mortgage, according to the condition of five judgments, bearing even date therewith, of one hundred and fifty dollars each, rendered by Nathan S. Philbrick, a justice of the peace of Oakland county, by Grant to the complainant, as a collateral security, the mortgage should cease and be void; but in case of non-payment of the said judgments, with the interest thereon, the mortgagee was authorized to sell the premises, as under the usual power contained in mortgages.

Austin *v.* Grant *et al.*

The entry of each of the judgments is as follows:

"Julius A. Austin *v.* Charles Grant.—Oakland county, April 25, 1840. In justice's court, before N. S. Philbrick, justice of the peace in the county aforesaid. Defendant confessed judgment in favor of the above plaintiff, in writing, for the sum of one hundred and fifty dollars, and against defendant in the above entitled suit. Execution to stay one year from date: April 25, 1840. Judgment entered up accordingly for the same.

| | | |
|---|---|---|
| Damages, | . . | $150 00 |
| Court, for judgment, | | 75 |

$150 75"

The defendants, in their answer, deny the indebtedness of Grant, as stated in the bill, and set out various facts going to show usury in the loan of a less sum of money by Grant of the complainant. They admit that Grant, on the 25th day of April, 1840, made and delivered to the complainant a mortgage for the sum of seven hundred and fifty dollars and interest, payable in one year, *as is alleged in the bill of complaint;* the acknowledgment and recording of the mortgage, as stated in the bill, and that it was upon the conditions therein mentioned. They admit that the mortgage was executed and delivered after the confession and entry of the judgments set forth in the bill of complaint: that Philbrick, at the time of the entry of the judgments, was a justice of the peace of Oakland county; but they say that they were not entered according to the provisions of the statute, and are null and void; and they deny that there is anything due upon the judgments, to Austin.

The answer was without oath, that being waived. There was a general replication, but no proofs having been taken, the cause was heard upon the pleadings.

It is obvious that the judgments were not rendered or entered conformably to the Revised Statutes of 1838, and are therefore void. 1 Doug. Mich. R. 197. The indebtedness of Grant, as stated in the bill, being denied, our only inquiry is, as to the effect of such admissions or statements in the answer as are responsive to the bill.

The bill, after stating the indebtedness of Grant to the complainant, and the confession and entry of the judgments, alleges that Grant, being so indebted to the complainant as aforesaid, and having consent-

ed that the judgments be entered therefor, in favor of the complainant, in order to secure to the complainant *the payment of each and every of the judgments, in one year from the date thereof*, executed and delivered the mortgage. Responsive to this is the admission of the defendants, that Grant did execute and deliver the mortgage for the amount of seven hundred and fifty dollars, and interest, payable in one year, as is alleged in the bill.

The allegation in the bill is, that the mortgage was made to secure the payment of the judgments; and to this effect is the admission of the defendants.

It is insisted on the part of the defendants, that the indebtedness of Grant being denied, and the judgments, to secure the payment of which the mortgage was given, being void, that there is nothing in the case, as it is presented to the court, upon which the mortgage as a security can be sustained, or to authorize its foreclosure.

It is said in reply, that it is unnecessary to prove the indebtedness: that it is enough to prove the execution of the mortgage, or, which is the same thing, that its execution when admitted, is sufficient. This proposition is not sustained by the case referred to in 2 Sandford's R. 364. The point decided in that case, was, that the allegation of indebtedness was immaterial and need not be proved, but that the complainant would be entitled to a decree on the statement of the execution of the bond and mortgage; the same having been proved, as appears by the case.

If the judgments when the mortgage was executed had been valid, affording the evidence of an existing indebtedness, the admission of the defendants that the mortgage was made to secure their payment, connected with the subsequent admission responsive to another allegation in the bill, that the mortgage was executed after the confession of the judgments mentioned and set forth in the bill, would be enough to authorize a decree. Such a case would be analogous to the one just referred to. Nor does the proposition of counsel derive any support from the case referred to in 2 Sanford's R. 630. It was decided in that case, that where a mortgage was executed, as appeared by its own terms, to secure sundry liabilities incurred for the accommodation of the mortgagor, and it recited the execution of his bond of the same date and tenor with the mortgage, but no such bond was ever delivered, that the

Austin *v.* Grant *et al.*

mortgage was nevertheless valid. The vice chancellor, upon this point, said: "It is next objected, that, as the bond recited in the mortgage was never delivered to Berrien, the mortgage was not valid in its inception, and never had a legal existence. That there is no mortgage debt to sustain the mortgage. The testimony shows that there never was any bond executed. The recital in the mortgage, mentioning a contemporaneous bond of the same date and tenor, is, therefore, erroneous. The mortgage was nevertheless delivered, and it aimed to secure liabilities which were in no manner dependent upon the bond recited, or upon any bond."

So that in this case the mortgage having been given to secure the mortgagee against certain liabilities which he had incurred on behalf of the mortgagor, there was something to sustain it, and for which, as a security, the mortgagee had a right to resort to the mortgage.

Suppose the bill of complainant had omitted the preliminary statement of indebtedness—and this it might well have done, as such statement is an immaterial one—and had averred, that on the 25th day of April, 1840, the defendant Grant confessed before a justice the judgments, setting them out, as is done in the present bill: that Grant afterwards executed and delivered the mortgage to secure the payment of the judgments, could it be said (the judgments being void) that the mortgage could be of any effect as a security? I think not; and yet this is the very case presented here by the pleadings. The judgments being void, they afforded no evidence of indebtedness—there was nothing due upon them—there was no money to be paid according to their condition, as it is expressed in the condition of the mortgage deed—and there was no indebtedness, for the non-payment of which the mortgage could be foreclosed.

The decree of the court of chancery must be reversed, and a decree entered in this court that the complainant's bill be dismissed with costs.

*Decree reversed, and bill dismissed with costs.*